THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT RALPH BERG,<br><br>Petitioner,<br>v.<br><br>DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Respondents. | CASE NO. C18-0521-JCC<br><br>ORDER |

This matter comes before the Court on Magistrate Judge Brian Tsuchida's report and recommendation (Dkt. No. 8) and Petitioner Robert Ralph Berg's objections (Dkt. No. 10). Having reviewed Judge Tsuchida's report and recommendation and Mr. Berg's objections, the Court hereby ADOPTS in part the report and recommendation and DENIES Mr. Berg's request for habeas relief for the reasons stated herein.

Mr. Berg filed a section 2241 habeas petition challenging a number of prior state criminal convictions and one federal conviction. (Dkt. No. 8 at 2.) Mr. Berg also states he has been improperly "placed on community custody." (Dkt. No. 7 at 3.) Judge Tsuchida submitted a report and recommendation recommending the Court deny Mr. Berg's petition on any of three grounds: (1) Mr. Berg's challenges to state and federal convictions are not properly raised under 28 U.S.C. section 2241; (2) Mr. Berg is not "in custody" and is therefore not eligible for habeas relief; and

(3) Mr. Berg's habeas petition is time-barred. (Dkt. No. 8 at 3.)

Mr. Berg filed objections to the report and recommendation, which appear to address the second and third bases for dismissal. He contests Judge Tsuchida's conclusion that he is not "in custody" for purposes of a habeas petition, referring to the "community custody" condition to which he is subject. The "in custody" requirement of 28 U.S.C. § 2241 does not require a petitioner to be physically confined at the time of filing. *Maleng v. Cook*, 490 U.S. 488, 490–92 (1989). Rather, it only necessitates that he be illegally restrained in his movements and activities because of a judicial order. *Id.* Mr. Berg is required to report once a week to a parole officer. (Dkt. No. 10 at 1, 4.) He also cannot leave King County without prior approval from a Department of Corrections ("DOC") supervisor. (Dkt. No. 5-1 at 2, 5.) These restrictions satisfy the "in custody" requirement. Brian R. Means, *Federal Habeas Manual* § 1:9 (2017); *cf. Roach v. Vail*, No. C09-5155-RBL, Dkt. No. 27 at 2, 12 (W.D. Wash. May 10, 2010) (report and recommendation of Magistrate Judge, adopted by Court on June 4, 2010) (finding petitioner no longer restrained after community supervision ended).

Even though Mr. Berg is in custody, his petition is time-barred by statute. Unless a petitioner qualifies for a statutorily enumerated exception, federal courts may not consider habeas petitions filed more than one year after the underlying conviction has mandated. 28 U.S.C. § 2244(d)(1)(A).[1] Mr. Berg was sentenced to community custody on August 29, 2012. (Dkt. No. 5-1 at 2.) His conviction mandated on June 4, 2014, with the Washington Superior Court's denial of his appeal. (Dkt. No. 5-2 at 5.) The conditions of his community custody were explained to him on April 3, 2013. (*Id.*) This petition was not filed until April 9, 2018. (Dkt. No. 1-1 at 1, 9.) That is well past the one year deadline for filing a petition.[2]

---

[1] The one-year statute of limitations also applies to petitions filed under 28 U.S.C. sections 2254 and 2255. Mr. Berg's petition would thus be time-barred even if the Court were to convert it to a challenge brought under those statutes. 28 U.S.C. § 2255(f); 28 U.S.C. § 2244(d); *McQuiggin v. Perkins*, 569 U.S. 383, 388 (2013).

[2] While Mr. Berg's petition could be liberally construed as a collateral attack on the DOC's March 2, 2018 decision extending his community custody until 2019, even this would not

1   Mr. Berg also argues his petition is not untimely because "there is no statute of
2   limitations on innocence." (Dkt. No. 10 at 2.) Actual innocence is not a cognizable grounds for
3   habeas relief unless a petitioner demonstrates the claim is based on newly available evidence and
4   raises concerns of a constitutional error. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Schlup v.
5   Delo*, 513 U.S. 298, 315, (1995). Mr. Berg presents no new facts supporting his claim.
6   Accordingly, his petition does not fall within the narrow scope of the actual innocence exception
7   to the one-year time bar. *Schlup*, 513 U.S. at 315; *Marrero v. Ives*, 682 F.3d 1190, 1192–93 (9th
8   Cir. 2012).

   For the foregoing reasons, the Court ADOPTS the report and recommendation as to Judge Tsuchida's third ground for dismissal (Dkt. No. 8). This matter is DISMISSED with prejudice and issuance of a Certificate of Appealability is DENIED. The Clerk is DIRECTED to send a copy of this order to Mr. Berg.

   DATED this 30th day of May 2018.

   _____
   John C. Coughenour
   UNITED STATES DISTRICT JUDGE

---

suffice. The Court may deny a petition when the record reveals the petitioner is not entitled to relief. 28 U.S.C. § 2243. The record shows that Mr. Berg's community custody conditions require him to remain in King County unless he is given permission to leave. (Dkt. No. 5-1 at 1–5.) It also shows Mr. Berg violated that condition by residing in Pierce County and failing to report to his DOC supervisor. (*Id.*) Washington law tolls the period of community custody when a prisoner fails to report. Wash. Rev. Code § 9.94A.171. Mr. Berg's challenge to the DOC's decision is conclusory and raises no legal issue. (Dkt. No. 5-1 at 1–5.) Accordingly, even if properly raised, such a challenge would fail.

ORDER
C18-0521-JCC
PAGE - 3